We're here today for oral arguments. We are going to begin with Appeal 25-1292, United May it please the Court. The District Court made two procedural errors that require remand for resentencing. First, the judge relied on an inaccurate understanding of Mr. Raoul's comparative health. And second, the judge failed to consider available sentences when it failed to consider probation as a sentence and as a sanction. Mr. Raoul's health was significantly, objectively worse at the time of sentencing than it was at the time of the offense. But, in explaining why it was necessary to have an incarceration sentence and specific deterrence, the judge incorrectly equated Mr. Raoul's health at the two time periods. Was the judge under a misapprehension as to his health? Didn't the judge fully know about his health? No, and we know that from the statements that the judge made equating his health at the two time periods. Most explicitly, the judge stated in the Statement of Reasons, While Raoul suffers from severe health issues, Raoul committed this offense while suffering from these health issues. And that is incorrect. And that statement reinforced the statement that the judge made at sentencing that you committed the crimes when you were in a bad medical state. So it's difficult for me to say that you couldn't commit another crime. Counsel, was there any actually inaccurate information before the court in the PSR or in the parties' presentations? No. The parties, both the government and the defense, acknowledged that his health was worse. This was a mistake born from the judge's misunderstanding of the facts that were presented to the court. The comments that the court made equated Mr. Raoul's health. The judge thought they were the same despite the accurate information presented to the judge, and that was clearly erroneous. At the time of the offense, Mr. Raoul did have several health conditions, but he was living on his own independently. He was going out to eat at a restaurant. He went out to a birthday party, and this was part of the fraud scheme. This was not the bad medical state that Mr. Raoul was in at the time of sentencing. At the time of sentencing, his conditions had deteriorated significantly, and he had new significant health conditions so that he could not function independently. He was confined to a nursing home, receiving 24-hour nursing care. He was effectively immobile, essentially blind. He required a nurse to come around every two hours to, for example, make sure that he was breathing, and he had open and he required daily wound care for his open and sometimes infected skin abscesses. His health was not the same at the two time periods. The district court's comments were clear in the statement of reasons and at sentencing. There is no other way to interpret the clear, plain language the district court used saying that his health was the same at the two time periods. The district court relied on this misunderstanding when the judge based the sentence and gave explicit attention to the comparative health when deciding whether deterrence was necessary. So implicit in your argument is that there couldn't be reoffense in his second condition, his condition at sentencing. Is that the implication we're supposed to take from the record? No, whether there could or not, that's not the question here. The judge, the district court needed to make that assessment based on an accurate understanding of his health. And that is why remand is required for the inaccurate understanding, for relying on that inaccurate understanding. That is procedural error that requires remand. What exactly was inaccurate about her statement? That his health conditions were the same at the two time periods. She didn't say that. She said you committed the crimes when you were in a bad medical state, so it's difficult for me to say that you couldn't commit another crime. That's an acknowledgment of the argument that the defense was advancing. The pre-sentence report provided a current assessment of his medical condition. The defense argument simply emphasized the seriousness of his need for care, additional care, than from the time that he committed the offense. But she acknowledged that and was aware of it. Everyone agreed. The judge's statements are what they are, and I agree. She did not use the words, they are the same. But that is the only understanding to be taken from her clear and plain statements. I don't think that's the only interpretation of what she said. I read it as an acknowledgment of the defense argument concerning his medical condition and his request for probation, and a concern that his medical conditions, which had existed for many, many years, didn't inhibit his criminal conduct before, and she was concerned that it wouldn't in the future. And so she needed to impose a prison term as punishment and, I guess in her words, as consequences for his criminal conduct. That analysis was based on a comparison of his health at the two time periods. Her statements about that comparison are found in the Statement of Reasons and in the sentencing transcript. And in those statements, she said, you suffered from these health conditions. That is not true. He suffered from new health conditions, and his existing diagnoses were much worse. Did you want to move on to your probation argument? It was also procedural error to fail to consider probation as a sentence. The judge was required to consider all sentences available. Probation was an available sentence, and as the Supreme Court explained in Gall, probation is punishment. It is a sanction. It imposes on probationers requirements, restrictions, intrusions, all with the threat of incarceration hanging over their heads. But the district court said that probation would not be a sentence or a sanction. Specifically, the district court said, it's an interesting argument the government makes that what are we essentially saying? If you stay in your nursing home, then what is the sentence? There is no sentence because you're staying in the same situation that you're in. That ignores that probation is a sentence. And the district court continues moments later. There has to be a sanction for defrauding vulnerable victims of three quarters of a million dollars over four years. And I just think that sanction has to be that you're going to have to go into a medical facility within the Bureau of Prisons and not the medical facility that you've chosen now. There has to be a sanction of some kind for that activity. And this ignores that probation is a sanction of some kind. These comments demonstrate that the district court did not consider probation as a sentence and as a sanction, which Gall says it is. Nowhere in the record does the district court explain that probation was merely insufficient. Failure to consider probation as a sentence and as a sanction is a failure to consider the available sentences. And that was procedural error. Would you like to reserve the remainder of your time? Yes, thank you. Thank you very much. We'll now hear from Mr. Havey on behalf of the government. Good morning. May it please the court. The defendant's sentence should be affirmed because the district court did not commit any error in this case. The judge actually was really very conscientious in the way in which she went about it. She gave the defense all the time they needed. She listened to everything they had to say. And the defense was very thorough in what they presented to the judge. The judge did not impose a term of imprisonment because she was mistaken about the defendant's medical condition or because she misunderstood her authority to impose probation. She sentenced the defendant to imprisonment because he stole a lot of money from people. One of the victims had entrusted him with her life savings. So the judge quite rightly concluded that the seriousness of the offense and the need for deterrence warranted jail in this case. The argument that the court misunderstood that the defendant's medical condition had gotten worse by the time of sentencing simply is not supported by the record with due respect. The judge was given all key details regarding the defendant's medical condition. The pre-sentence report, as Your Honor noted, accurately reflected the defendant's medical condition and history leading up to sentencing and at the time of sentencing. The defense counsel, as I said, very ably kept the judge well informed as his condition worsened over time in the months leading up to sentencing. The judge continued the sentencing twice to accommodate the defendant's medical situation. She offered to go to the nursing home to do the sentencing there if need be. She conducted two status hearings in the weeks leading up to sentencing to evaluate the situation at that time. I assume he was in a wheelchair with oxygen in the courtroom at the time of sentencing? He was in a wheelchair, Your Honor. He did not have, to my recollection, and I should be careful here because this isn't in the record, but I don't believe he had oxygen when he was, he may have had it with him, but he wasn't wearing a mask in court. But I take your point. It's a fair point. The judge was able to observe the defendant and speak to him directly in court, both at the time of the change of plea and at the time of sentencing. At the time the defendant entered his guilty plea, he had already been referred to the nursing home, and the judge knew that because the defense counsel apprised her of that at a status hearing prior to sentencing. It was also reflected, as I said, in the pre-sentence report. Well, she also commented on it in rejecting the probation argument. I'm sorry, Your Honor? She also commented on his status when rejecting the probation argument, the fact that he was in a nursing home. That's correct, and the government also acknowledged that, as counsel pointed out, both in our sentencing memo and at sentencing. We acknowledged that the defendant's condition had worsened. So there was really no dispute of fact here for the judge to resolve. She had the lengthy sentencing memo from defense counsel where they laid out chapter and verse, all the details of his medical condition, the daily challenges he faced at the nursing home, all his medications, his lengthy medical history. And in addition to that, counsel reiterated all those facts, as you would expect, at the sentencing hearing. And so the issue, in short, was teed up for the judge. There were no disputes about the sentencing guidelines or any of the other factors. The defendant's medical condition truly dominated the sentencing. So the judge was able to make a well-informed decision based on a well-established record. And it begs the question as to what the point of a remand would be. There's no new evidence that would need to be presented to the judge, no new arguments that could be made that weren't already made. And the judge complimented the defense on their excellent presentation. As I said, it was very thorough. They covered all the bases. And the government didn't dispute any of that. And as Your Honor pointed out, the comments, the isolated remarks that were really formed the basis for this appeal, they're literally true. The defendant was in a bad medical state at the time he committed the offense. We know from the PSR that he had been diagnosed with morbid obesity back in 2012, over a decade ago. He had been hospitalized for a respiratory arrest and multiple times in 2015, again, years before the offense. And the reason why all this was relevant is because none of that stopped him from committing a crime, which is what the judge pointed out. And why a deterrence was important, because this sort of crime was easily committed from the privacy of his own room, which is what he in fact did in this case was commit fraud from his hotel room. So the judge quite rightly believed that deterrence was an important factor here, and she simply disagreed with the defendant's position that his medical condition warranted probation. And again, there was no dispute either from the government, the court understood that probation was an available sentence here. And the comment about there being no sentence simply reflected the court's view that probation would be an insufficient sentence or an insufficient punishment, not that it was unavailable as a general sentence. Obviously, the judge is a very experienced judge. She's been on the bench for many years. She knew that probation was available. She acknowledged it on the record. She just disagreed with the defense. And ultimately, as the judge explained, probation would fail to account for the seriousness of the defendant's offense and the need for deterrence, as I said, given the fact that his crime was capable of being repeated very easily. The judge gave appropriate weight to the impact that the crime had on the victims and the amount of money that he stole from them. In imposing a sentence at the low end of the guideline range, the judge took into account his medical condition. That's why she went to the low end. And in doing that, she was acting well within her discretion. At the end of the day, Your Honor, as you know, the case law is very clear that this court does not second-guess at this district court's balancing of the sentencing factors when, as in this case, there was no inaccurate information that was presented to the judge, as you pointed out, Your Honor. The judge correctly calculated the sentencing guidelines. There's no dispute about that. She considered the pertinent statutory 3553 factors. There's no dispute about that. She considered the defense's principle arguments in mitigation. She considered the different sentencing options. She talked about possible salvation army or work release, and she didn't think that was appropriate either. And in the end, she adequately explained her sentence. So, in a final analysis, because there was no procedural error, there were no factual errors that were made, the defendant's sentence should be affirmed in all respects. Thank you, Mr. Havey. Thank you. Rebuttal argument, Ms. Ceruta. The government details the district court's familiarity with Mr. Raul's recent health at sentencing and particularly in the time leading up to sentencing. But in the end, the judge got it wrong when the judge compared his health at the two time periods based on the statements the judge made. I can't diagnose why she got it wrong, but that's not part of the analysis. The analysis is that the district court relied on an incorrect comparison and an erroneous misunderstanding when determining Mr. Raul's health. Similarly, the government points out moments where the judge acknowledges her ability and authority to impose probation and the moments where the judge states that probation is available as a sentence. That is not enough to overcome the statements that the district court made demonstrating that the judge did not conceptualize probation in a way that comports with Gaul. That probation is a sentence and it is a sanction. Finally, the government asks what is the point of remanding for resentencing. Mr. Raul has a due process right to be sentenced based on an accurate understanding and accurate understanding of the facts. He also has a due process right to have the judge consider the available sentences. And for those reasons, we are asking for remand for resentencing. Thank you, Mr. Ruda. Thank you, Mr. Havey. The case will be taken under advisement.